IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
File No.: 5:25-cv-00514-BO

| | | |
|---|---|---|
| ISAIAH GREEN, JR. and<br>ANDREW LANIER,<br><br>    Plaintiffs,<br><br>    vs.<br><br>JANET COWELL, Mayor of the City of<br>Raleigh,<br><br>    Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **MEMORANDUM OF LAW<br>IN SUPPORT OF<br>DEFENDANT'S MOTION TO DISMISS** |

NOW COMES Defendant Janet Cowell, Mayor of the City of Raleigh, North Carolina (hereinafter, "Mayor Cowell"), by and through undersigned counsel, and offers this Memorandum of Law in Support of her Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

## <u>NATURE OF THE CASE</u>

Plaintiffs filed the Complaint in this matter on August 22, 2025, naming "Mayor of Raleigh, N.C. Janet Cowell" as the sole defendant. [Compl., D.E. 1.] In the Complaint, Plaintiffs allege that building permits were issued to two (2) third parties[1], that the resulting construction activity has physically damaged the Plaintiffs' property, and that the completed buildings will cause the Plaintiffs' property values to increase thereby causing financial injuries to the Plaintiffs. [Id. at 7-9.] The Plaintiffs further allege that through this sequence of events, Mayor Cowell has violated Plaintiff's rights under the 14th and 15th Amendments to the United States Constitution. [Id. at 6-9.]

---

[1] The Complaint does not allege who issued the permits, but states that the damages were permitted by the City of Raleigh. [Id. at 7.] Therefore, it may be presumed that the permit issuer was the City of Raleigh (hereinafter, the "City").

1

On September 19, 2025 Mayor Cowell moved to extend time to file an answer or other pleadings in response to the Complaint [Motion, D.E. 20], and on September 22, 2025, this court granted Mayor Cowell's motion and extended the time to file an answer until October 24, 2025 [Order, D.E. 25]. Mayor Cowell has now moved to dismiss the Complaint, and this matter is ripe for adjudication.

**STATEMENT OF FACTS**

According to the Complaint, "[p]redominantly black citizens was denied the right to vote" with respect to the issuance of building permits to Halle Construction Group and Toll Brothers (hereinafter, the "Permittees") for construction of Old Towne Regency (hereinafter, the "Subdivision"). [D.E. 1 at 7-8.] Plaintiffs allege that during construction of the Subdivision, certain unspecified homes were damaged by dynamiting and certain unspecified individuals suffered health issues "including death." [Id. at 7.]

Plaintiffs allege that the Permittees' construction activities constituted "unlawful business practice transaction prohibited by the 14th amendment of the United States Constitution." [Id. at 8.] According to the Complaint, the construction subjected the Plaintiffs "to the aftermath of dynamiting damages and possible quaking of the earth because the area is a known rock vein that extend beyond the area of southeast Raleigh." [Id.] Further, Plaintiffs allege that "[i]n the construction of these new homes ranging at the initial cost of over $400,000 and proceeding above $550,000, is a catalyst to cripple our community, put us in a property tax bracket that us elderly citizens cannot pay." [Id.]

According to the Plaintiffs, these impacts were "malicious and intentional damages permitted by the City of Raleigh" [Id. at 7], "for the purpose to satisfy the greed of the white man" [Id. at 8]. Further, the Plaintiffs allege that the issuance of the permits was motivated by "a group

of White supremacist dictating by government selfish desire to drive me off my property as they have done in the past to the American Indians." [Id. at 9.] Finally, the Complaint claims that the damages caused by the issuance of permits to the Permittees "can exceed billions of dollars." [Id. at 7.]

## ARGUMENT

When considering a Rule 12(b)(6) motion to dismiss, the Court must accept as true the facts alleged in the complaint and view them in a light most favorable to the plaintiff. *Ostrzenski v. Seigel,* 177 F.3d 245, l251 (4th Cir. 1999). However, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions," or "a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 557).

The Plaintiffs' Complaint fails to satisfy the requirements of Rule 8 of the Federal Rules of Civil Procedure. Accordingly, for the following reasons, Mayor Cowell's Motion to Dismiss should be granted:

- The allegations set forth in the Complaint reveal that Plaintiffs' purported claims were untimely filed.

- The Complaint seeks recovery against Mayor Cowell only in her official capacity, and thus from the City of Raleigh. However, the Complaint fails to state a plausible claim against the City of Raleigh under *Monell v. Dept. of Social Services[2]*.

---

[2] *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

3

- The Complaint fails to state a cause of action upon which relief may be granted.

**I.    The allegations of the Complaint reveal that Plaintiffs' lawsuit is untimely.**

While the Plaintiffs do not reveal the date(s) on which the alleged permits were issued or the alleged damages sustained, the Complaint purports to seek monetary recovery for, "[e]very citizen of southeast Raleigh, including the children that was disturbed nightly for the <u>last three years</u> of the all night hammering of the rock drilling machinery . . ." [D.E. 1 at 9, *emphasis added*.] "In North Carolina, the statute of limitations for actions under 42 U.S.C.1983 (2000) is three years. Under federal law, a cause of action accrues, and the statute of limitations commences when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Fayemi v. Offerman*, 99 F. App'x 480, 481 (4th Cir. 2004) (*unpublished, copy attached*).

The Plaintiffs imply that the alleged construction activities that caused their injuries and damages were undertaken by the Permittees pursuant to permits issued by the City. It is axiomatic that any such permits must have been issued before the Permittees' commenced their alleged construction activities. Therefore, because the Complaint alleges that these activities have caused disruptions "for the last three years" [D.E. 1 at 9], the alleged permits must have been issued more than three (3) years ago. Further, as the Complaint alleges that the construction activities that allegedly disturbed the children consisted of "all night hammering of the rock drilling machinery" [Id.], it is equally clear that the alleged harms arising from these activities were knowable if not in fact known to the Plaintiffs.

When a complaint reveals on its face that the incidents giving rise to a plaintiff's claims occurred outside the limitations period, the court must dismiss the action pursuant to Rule 12(b)(6). *Dean v. Pilgrim's Pride Corp.*, 395 F.3d 471, 474 (4th Cir. 2005) ("The raising of the statute of limitations as a bar to plaintiffs' cause of action constitutes an affirmative defense and may be

4

raised by motion pursuant to Fed. R. Civ. P. 12(b)(6), if the time bar is apparent on the face of the complaint.") Therefore, because the allegations set forth in the Plaintiffs' Complaint reveal that Plaintiff's purported claims are time barred, Mayor Cowell's Motion to Dismiss should be granted.

## II. THE COMPLAINT FAILS TO STATE A PLAUSIBLE *MONELL* CLAIM AGAINST THE CITY

As explained in detail below, Plaintiffs have sued Mayor Cowell only in her official capacity, and official capacity claims are merely claims against the municipal employer. As the Complaint fails to state a plausible *Monell* claim against the City, Mayor Cowell's Motion to Dismiss should be granted.

### A. The Complaint seeks relief only from the City of Raleigh.

"When a plaintiff does not allege capacity specifically, the court must examine the nature of the plaintiff's claims, the relief sought, and the course of proceedings to determine whether a state official is being sued in a personal capacity." *Biggs v. Meadows*, 66 F.3d 56, 61 (4th Cir. 1995). "Throughout, the underlying inquiry remains whether the plaintiff's intention to hold a defendant personally liable can be ascertained fairly." *Id*. While the Plaintiffs in the present case have not specifically stated the capacity in which Mayor Cowell is being sued, the Complaint makes their intention plain.

The Plaintiffs' intent to sue Mayor Cowell is clearly shown by the fact that she has been named in the caption as "Mayor of Raleigh, N.C. Janet Cowell." [Id. at 1.] Further evidence of this intent can be found in Section B(2)(b) of the Complaint where Plaintiffs identify "City of Raleigh" as the corporate defendant [Id. at 7], while leaving blank Section B(2)(a) in which individual defendants are to be identified [Id. at 6]. Moreover, the sole mention of Mayor Cowell in the body of the Complaint is a single conclusory statement in which she is accused of having a "racist ideology." [Id. at 9.] The Complaint contains neither allegation nor any implication that Mayor

5

Cowell played any role in issuing any permits to the Permittees. Instead, the Complaint expressly states, "[t]he claim is full restitution of all present seen damages / that is treble damages restitution because this was malicious and intentional damages permitted by the City of Raleigh." [Id. at 7, *emphasis added*.] Therefore, the allegations of the Complaint make the Plaintiffs' intent to sue Mayor Cowell only in her official capacity abundantly clear. Finally, rather than attempting to serve Mayor Cowell in the manner prescribed for service upon individuals by Fed. R. Civ. P. 4(e), the Plaintiffs mailed copies of the Complaint and Summons to Mayor Cowell at the City of Raleigh Municipal Building located at 222 W. Hargett Street, Raleigh, N.C. 27601. [Summons, D.E. 6.]

Finally, under Fed. R. Civ. P. 17(b)(3) the capacity in which a public officer is sued is determined by "the law of the state where the court is located." In *White v. Trew*, the North Carolina Supreme Court held that "when the complaint does not specify the capacity in which a public official is being sued for actions taken in the course and scope of his employment, we will presume that the public official is being sued only in his official capacity." 366 N.C. 360, 736 S.E.2d 166 (2013). Here, the Complaint fails to specify the capacity in which Plaintiffs assert claims against Mayor Cowell. Therefore, those claims are presumed to be against Mayor Cowell in her official capacity only. *See Davis v. Matroo,* No. 5:13-CV-00233-BO, 2013 WL 5309662 (E.D.N.C. Sept. 19, 2013).

The purported claims against Mayor Cowell in her official capacity are, in substance, directed against the City. An action against a public officer in her official capacity is simply another way of bringing suit against a municipal employer. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Further, vicarious liability does not apply in actions brought under 42 U.S.C. § 1983. *Monell*, 436 U.S. 658; *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999). Thus,

6

there is no difference between suing an individually named defendant in her official capacity and suing the City itself. *Will*, 491 U.S. at 71.

**B.      The Complaint does not state a claim against the City of Raleigh.**

"[U]nder *Monell*, a municipality is liable only for its own illegal acts." *Owens v. Baltimore City State's Attorney's Office*, 767 F.3d 379, 402 (4th Cir. 2014), *cert. denied*, 575 U.S. 983 (2015) (citing *Monell*, 436 U.S. at 691). Liability is limited to those instances in which the municipal policy or custom itself causes a deprivation of constitutional rights. *Holloman v. Markowski*, 661 F. App'x 797, 800 (4th Cir. 2016), *cert. denied*, 580 U.S. 1205, 137 S. Ct. 1342, 197 L. Ed. 2d 531 (2017) (citing *Monell*, 436 U.S. at 690-91) (unpublished, copy attached). "[A] municipality cannot be held liable solely because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691. Instead, the Supreme Court has admonished "that a municipality can be liable under § 1983 only where its policies are the moving force [behind] the constitutional violation." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989); *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 820, 105 S. Ct. 2427, 2434-35 (1985) ("Thus, not only must there be some degree of 'fault' on the part of the [governmental entity] in establishing or tolerating the custom or policy, but there also must exist a causal link between the custom or policy and the deprivation.").

For a municipality to be liable under § 1983, a plaintiff must establish that local officials violated the plaintiff's constitutional rights by following an official policy or custom which caused the violation. *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003). The Fourth Circuit has explained that a "policy or custom" manifests in four ways:

> (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that "manifest[s] deliberate

7

indifference to the rights of citizens"; or (4) through a practice that is so "persistent and widespread" as to constitute a "custom or usage with the force of law."

*Id*. (quoting *Carter*, 164 F.3d at 218).

The Complaint in the present case contains no allegations addressing any of the four (4) theories of municipal liability under 42 U.S.C. § 1983 and thus fails to plausibly plead a *Monell* claim under any theory. The Complaint makes no mention of any express policy, no decision by a final policymaker, no omission, and no widespread custom. To survive a motion to dismiss, a complaint asserting a *Monell* claim must provide enough facts to state a claim to relief that is plausible on its face. This Court has repeatedly dismissed *Monell* claims on Rule 12(b)(6) grounds where the complaints contain barebone, conclusory allegations like the Plaintiffs' Complaint. *See e.g.*, *Layden v. Stanley*, No. 4:22-CV-61-FL, 2023 WL 3733903 (E.D.N.C. May 30, 2023); *Cox*, No. 4:20-CV-52-FL, 2020 WL 5097832; *Horton v. City of Raleigh*, No. 5:15-CV-349-FL, 2016 WL 2901743, (E.D.N.C. May 18, 2016) (dismissing custom or practice claim); *Hill v. Robeson County*, 733 F. Supp. 2d 676, 682–89 (E.D.N.C. 2010) (dismissing *Monell* claims under Rule 12(b)(6)); *Davis v. Matroo*, No. 5:13-CV-00233-BO, 2013 WL 5309662 (E.D.N.C. Sept. 19, 2013) (dismissing failure to train and supervise claims against City). Because the present Complaint fails to plausibly state a *Monell* claim, Mayor Cowell's Motion to Dismiss should be granted.

**C. The Complaint fails to plausibly state any cause of action upon which relief may be granted.**

Liberally and generously read, the Complaint alleges that the City violated the Plaintiffs' voting rights by issuing building permits to the Permittees; and that the activities of the Permittees caused various disruptions, injuries and physical damages to the Plaintiffs' property while also increasing their properties' value. These increased property values then caused increases in the

amount of the Plaintiffs' property taxes and insurance. Notably absent from the Complaint are any factual allegations addressing the following:

- The nature of the alleged voting rights that were associated with issuance of building permits to the Permittees.

- The nature or content of any of the alleged permits.

- The nature of any error or unlawfulness regarding the issuance of permits.

- The date(s) that any permits were issued.

- The nature of any alleged injuries or physical damages that were sustained.

- The amount of any alleged increase in financial burdens.

- The date of any alleged injuries or physical damages.

- The proximity of any construction activity to Plaintiffs' property.

- The manner in which any permit caused the Permittees to harm the Plaintiffs.

While the Complaint is largely bereft of factual allegations supporting any legally cognizable claim, it attempts to fill this void with invective and conclusory accusations. Using phrases like "malicious and intentional" [Id. at 7], "white racist government" [Id.], and "unlawful business practice transaction" [Id. at 8], the Complaint attempts to disguise the fact that it is utterly lacking in substance. However, "[t]o plead animus, a plaintiff must raise a plausible inference that an 'invidious discriminatory purpose was a motivating factor' in the relevant decision." *Dep't of Homeland Sec. v. Regents of the Univ. of California*, 590 U.S. 1, 34, 140 S. Ct. 1891, 1915 (2020) (*citing Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 266, 97 S.Ct. 555 (1977) (*internal punctuation omitted*).

Inflammatory adjectives are insufficient to raise a plausible inference of discrimination. As the Supreme Court has explained,

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.' As the Court held in *Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929, the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.

*Iqbal*, 556 U.S. at 677–78, 129 S. Ct. at 1949 (*internal citations omitted*).

Further,

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'

*Id.*, 556 U.S. at 678, 129 S. Ct. at 1949 (*internal citations omitted*).

Using the construction of Fed. R. Civ. P. 8 elucidated in *Twombly*, the Supreme Court concluded that the plaintiff's allegations that the various defendants "knew of, condoned, and willfully and maliciously agreed to subject him to harsh conditions of confinement as a matter of policy, solely on account of his religion, race, and/or national origin and for no legitimate penological interest," and were "the principal architect of this invidious policy," or "instrumental in adopting and executing it," were "bare assertions [ ] amount[ing] to nothing more than a formulaic recitation of the elements of a constitutional discrimination claim." *Iqbal*, 556 U.S. at 680–81, 129 S. Ct. at 1951. As a result, the Court found the plaintiff's allegations to be "conclusory and not entitled to be assumed true." *Id.*, 556 U.S. at 681, 129 S. Ct. at 1951.

The allegations set forth in Plaintiffs' Complaint suffer from the same deficiencies described by the Court in *Twombly* and *Iqbal*. As a result, the Complaint fails to offer sufficient factual allegations to plead discrimination or any associated claim for relief. Therefore, Mayor Cowell's Motion to Dismiss should be granted.

10

## **CONCLUSION**

For the reasons set forth herein, the Complaint fails to state a cause of action upon which relief can be granted. Therefore, the Court should grant Mayor Cowell's Motion to Dismiss and dismiss this action with prejudice.

This the 24th day of October 2025.

**CITY OF RALEIGH**
**Karen McDonald**
**City Attorney**


By:  /s/  Hunt K. Choi
  HUNT K. CHOI
  Deputy City Attorney
  NC State Bar No. 24172
  Post Office Box 590
  Raleigh, North Carolina 27602
  Telephone:  (919) 996-6560
  Facsimile:  (919) 996-7021
  *Counsel for Defendant*

11

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 24th day of October 2025, I electronically filed the foregoing document(s) with the Clerk of the Court using the CM/ECF system and that I have mailed the document to the following non CM/ECF participants:

Isaiah Green, Jr.
2600 Holiday Dr.
Raleigh, NC 27610
919-772-1798
*Plaintiff Pro Se*

Gary Fulford
for Mother Patricia Clark
3035 Richward Place
Raleigh, NC 27606
*Interested Party Pro Se*

Andrew Lanier
3308 Barwell Rd.
Raleigh, NC 27610
919-422-9531
*Plaintiff Pro Se*

Alexis Nickson
for Grandmother Dorothy Nickson
5021 Royal Acres Rd.
Raleigh, NC 27610
*Interested Party Pro Se*

Larry Stanford
2720 Holiday Dr.
Raleigh, NC 27610
*Interested Party Pro Se*

Mary Wiggins Goodson
3924 Barwell Road
Raleigh, NC 27610
*Interested Party Pro Se*

Respectfully submitted,

**CITY OF RALEIGH**
**Karen McDonald**
**City Attorney**

By:   <u>/s/  Hunt K. Choi</u>
HUNT K. CHOI
Deputy City Attorney
NC State Bar No. 24172
Post Office Box 590
Raleigh, North Carolina 27602
Telephone:  (919) 996-6560
Facsimile:  (919) 996-7021
*Counsel for Defendant*