IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 5:25-CV-00514-BO-KS

| | | |
|---|---|---|
| ISAIAH GREEN, JR. and<br>ANDREW LANIER,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>JANET COWELL, Mayor of the<br>City of Raleigh,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | O R D E R |

This matter comes before the Court on defendant Janet Cowell's motion to dismiss [DE 27] pursuant to Federal Rule of Civil Procedure 12(b)(6). The defendant, Janet Cowell (hereinafter Mayor Cowell) is the mayor of the City of Raleigh, North Carolina. The plaintiffs in this case, Isaiah Green, Jr. and Andrew Lanier (hereinafter "the plaintiffs"), are proceeding pro se. The plaintiffs filed their complaint [DE 1] on August 22, 2025, asserting claims under 42 U.S.C. § 1983 for alleged violations of the Fourteenth and Fifteenth Amendments to the United States Constitution. The actions arise from the City of Raleigh's alleged issuance of building permits to Halle Construction Group and Toll Brothers for construction projects in the Old Towne Regency subdivision in the City of Raleigh. The motion has been fully briefed and the matter is ripe for disposition. For the reasons stated, this Court GRANTS Mayor Cowell's motion and DISMISSES all claims.

## I. Factual Background

The plaintiffs are residents of the City of Raleigh, North Carolina. [DE 1, pp. 2–3]. They claim the City of Raleigh issued building permits to two third-party construction companies, Halle

Construction Group and Toll Brothers, to construct a residential subdivision known as Old Towne Regency. *Id.* at 7. The plaintiffs allege that the permittees' construction activities caused damage to their homes, including structural damage from dynamiting. They further state that nighttime noise from rock drilling machinery lasted for three years and afflicted local residents and children, particularly in the African American community. *Id.* at 9–10. Plaintiffs allege that construction of homes initially priced above $400,000 and rising above $550,000 has increased surrounding property values, which the plaintiffs contend has caused increased property tax and insurance burdens on elderly residents of the community. *Id.* at 8.

The plaintiffs assert that these injuries were "malicious and intentional damages permitted by the City of Raleigh" undertaken "for the purpose to satisfy the greed of the white man" and at the direction of "a group of White supremacist[s] dictat[ed] by [the] government['s] selfish desire to drive me off my property[.]" *Id.* at 7–9. The complaint mentions Mayor Cowell's name in the complaint only to suggest she harbors a "racist ideology." *Id.* at 9. Plaintiffs do not allege that Mayor Cowell personally participated in the issuance of any permit. Plaintiffs request the Court provide full restitution in the form of treble damages, which they allege could exceed billions of dollars. *Id.* at 7. The complaint does not specify the date on which any permit was issued or the precise date on which any alleged injury was sustained.

## II. Standard

A 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the complaint's legal and factual sufficiency. *See* Fed. R. Civ. P. 12(b)(6). The focus is on the pleading requirements under the Federal Rules, not the proof needed to succeed on a claim. "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the

2

claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). This standard does not require detailed factual allegations, *id.*, but it "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Nadendla v. WakeMed*, 24 F.4th 299, 305 (4th Cir. 2022) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). For a claim to be plausible, its factual content must permit the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although courts construe pro se pleadings liberally, *e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a pro se plaintiff still has an obligation to plead facts that are sufficient to state a legitimate claim for which relief can be granted. *Iqbal*, 556 U.S. at 678.

### III. Analysis

A. The Claims Are Time-Barred

Plaintiffs' claims are untimely. In North Carolina, the statute of limitations for actions under 42 U.S.C.1983 is three years. *Fayemi v. Offerman*, 99 F. App'x 480, 481 (4th Cir. 2004) (citing *Love v. Alamance County Bd. of Educ.*, 757 F.2d 1504, 1506 (4th Cir.1985)). A cause of action accrues when the plaintiff possesses sufficient factual information about the harm to put a reasonable person on notice that he has a colorable claim. *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951, 955 (4th Cir. 1995).

The complaint itself alleges that construction activities disturbed residents "nightly for the last three years." [DE 1, p. 9]. Since issuance of the permits preceded construction, and because the construction activities were allegedly evident to the plaintiffs three years before the filing date, the City of Raleigh must have issued the alleged permits more than three years prior to the filing

3

of the complaint. The nightly hammering and drilling that the plaintiffs described is precisely the kind of harm that is immediately apparent to those who experience it. Where a complaint reveals on its face that the incidents giving rise to a plaintiff's claims occurred outside the limitations period, the court must dismiss the action pursuant to Rule 12(b)(6). *See Dean v. Pilgrim's Pride Corp.*, 395 F.3d 471, 474 (4th Cir. 2005). Therefore, the claims made here are time-barred on the face of the complaint and are subject to dismissal on this ground alone.

B. Individual or Official Capacity Claims

"When a plaintiff does not allege capacity specifically, the court must examine the nature of the plaintiff's claims, the relief sought, and the course of proceedings to determine whether a state official is being sued in a personal capacity." *Biggs v. Meadows*, 66 F.3d 56, 61 (4th Cir. 1995). For the avoidance of doubt, the Court construes the claims as against Mayor Cowell in both her official and individual capacities. However, because the only allegation in the complaint that refers to Mayor Cowell's conduct, rather than that of the City of Raleigh, is that she harbors a "racist ideology," [DE 1, p. 9] plaintiffs would fail to state a plausible claim for relief against Mayor Cowell in her individual capacity. The complaint alleges no facts connecting Mayor Cowell or any other city official to the issuance of any permit.

C. The Complaint Fails to State a Plausible *Monell* Claim

Claims against a municipal official in her official capacity are effectively claims against the municipality. Under *Monell v. New York City Dept. of Soc. Servs.*, a local government can be held liable under 42 U.S.C. § 1983 for its unconstitutional policies. 436 U.S. 658, 690–94 (1978). Liability is limited, however, and is not available on a *respondeat superior* theory. *Milligan v. City of Newport News*, 743 F.2d 227, 229 (4th Cir. 1984). Municipal liability results only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose

4

edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell*, 436 U.S. at 694.

> A policy or custom for which a municipality may be held liable can arise in four ways: (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that 'manifest[s] deliberate indifference to the rights of citizens'; or (4) through a practice that is so persistent and widespread as to constitute a custom or usage with the force of law.

*Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003) (internal quotations omitted).

The plaintiffs do not address any of these theories. The complaint contains no allegation of an express policy, no specific decisions made by policymakers, no explicit omissions made by policymakers, and gives no example of a practice that is so widespread and pervasive that it constitutes a custom. The complaint's lone reference to Mayor Cowell is that she and other officials within the City of Raleigh harbor a "racist ideology" without any factual link connecting Mayor Cowell or any other city official to the issuance of any permit. [DE 1, p. 9].

D. § 1983 Standing as to Third-Party Construction Damages

The complaint principally seeks damages for construction-related harms caused by the permittees. The permittees are not named defendants. The complaint does not allege that Mayor Cowell or the City of Raleigh participated in any of the permittees' construction activities or told them how to conduct their business. A § 1983 plaintiff must show that the defendant, acting under color of state law, caused the deprivation of a federally guaranteed right. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The issuance of a facially lawful building permit to a private third party does not, without more, create a constitutional violation by the municipality issuing the permit. The complaint alleges no facts connecting Mayor Cowell to the specific conduct that allegedly injured the plaintiffs.

5

## IV. Conclusion

For the foregoing reasons, the Court GRANTS Mayor Cowell's motion to dismiss [DE 27] and DISMISSES all claims asserted by the plaintiffs. The Clerk is directed to close the case.

SO ORDERED, this _____ day of July 2026.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

6